Jamil L. White (Bar No. 244028)
Michael D. Maloney (Bar No. 208297)
LOUIS | WHITE, Professional Law Corporation
1851 Heritage Lane, Suite 148
Sacramento, California 95815
Telephone:  (877) 992-5291
Facsimile:   (916) 274-4631

Attorneys for Plaintiffs
ANDREW LOCKHART and
LESLEY LOCKHART

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOCKHART, an individual; and LESLEY LOCKHART, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JAY R. DELANEY, an individual; KATHLEEN M. DELANEY, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT**<br>2. **DAMAGES FOR MONEY LENT**<br>3. **DECLARATION OF AND JUDICIAL FORECLOSURE OF EQUITABLE MORTGAGE** |

ANDREW LOCKHART and LESLEY LOCKHART complain and allege against JAY R. DELANEY, KATHLEEN M. DELANEY; and Does 1 through 25, inclusive (collectively, "Defendants"), and each of them, as follows:

## JURISDICTION AND VENUE

1. The real property, which is the subject matter of this action, is located within the judicial boundaries of this Court in the City of Danville, County of Contra Costa, State of California making this Court is the proper court for the trial of this action. In addition, the

contract/Settlement Agreement pertaining to the Subject Property states that the Agreement shall be governed by California law.

### PARTIES

2. At all times mentioned herein, Plaintiffs ANDREW LOCKHART and LESLEY LOCKHART ("Plaintiffs") were residents of the United Kingdom and are currently residents of the State of Mississippi.

3. Plaintiffs are informed and believe, and based thereon allege, that at all relevant times Defendants JAY R. DELANEY and KATHLEEN M. DELANEY, husband and wife, were and are residents of the State of California.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 25, inclusive, are unknown to Plaintiffs at this time, and Plaintiffs thereon sue said Defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants designated herein as a fictitiously named Defendant is, in some manner, responsible for the events and happenings referred to herein, either contractually or tortiously. Plaintiffs will amend this Complaint to show their true names and capacities when the same have been ascertained pursuant to Section 474 of the *California Code of Civil Procedure*.

5. Plaintiffs are informed and believe, and thereon allege, that the Defendants named in the caption of the Complaint, which is incorporated herein, were at all times pertinent hereto, and are, the agents, servants, employees, joint venturers and partners of each of the other codefendants, and were acting within the scope of their authority as such agents, servants, employees, joint venturers and partners, with the permission and consent of said co-defendants.

### PRELIMINARY ALLEGATIONS

6. In early 2002, Defendants approached Plaintiffs about obtaining a private money loan. Plaintiffs agreed to do so if such loan was secured by Defendant's residential property.

7. On or about June 1, 2002, Plaintiffs provided Defendants a loan for Two Hundred Five Thousand Dollars ($205,000.00) (the "LOAN"). The LOAN was to be secured by Defendants' real property commonly known as 309 Rutherford Drive, Danville, California.

8. Plaintiffs and Defendants agreed that the LOAN was to be evidenced by a Promissory Note ("Note"), pursuant to which Plaintiffs were told that they would be granted a security interest in the Property. The parties further agreed that, under the terms of the Promissory Note, Defendants would make monthly interest payments in the amount of $769.00, with the remaining principal balance due and payable on or about June of 2007. Additionally, Defendants advised Plaintiffs that upon any sale of the Subject property, the Note shall become immediately payable.

9. On or about June 1, 2002, Defendants prepared and executed a certain Promissory Note purporting to evidence the LOAN.

10. Plaintiffs were told by Defendants that they now had a "security interest" in the Property. Plaintiffs relied on this representation as Defendant KATHLEEN M. DELANEY is a licensed California attorney and is the person who prepared the Note.

11. At all times mentioned herein, Plaintiffs trusted Defendants and continued to wholeheartedly rely on Defendants' representations. Plaintiffs relied on Defendants, Ms. Lockhart's sister and brother in law, to perform as was agreed upon. Plaintiffs were completely unaware of the true terms of the Promissory Note that <u>was not secured by a Deed of Trust and recorded by Defendants</u>. Due to their very limited experience in real estate transactions, Plaintiffs believed that their LOAN to Defendants was secured as promised by Defendants.

12. Despite Plaintiffs repeated requests for the payment of the principal balance of the Note, Defendants have, and continue to make, intermittent monthly interest payments on the Note. Although the Note was, by its terms, due and payable in June of 2007, Defendants have continued to make interest payments and Plaintiffs have accepted such.

13. The Note specifically stated: "No extension of time for the payment of this Note or any installment hereof made by agreement with any person now or hereafter liable for the payment of this Note shall operate to release, discharge, modify, change or affect the original liability under this Note, either in whole or in part, of Maker."

14. After a failure to make timely payments, on or around February 18, 2014, Plaintiffs, by and through their counsel, have requested payment of the remaining principal balance of the Note which is currently One Hundred Fifty Three Thousand Sixty Eight Dollars

and Sixty Seven Cents ($153,068.67). Defendants have, in no uncertain terms, rebuffed Plaintiffs' demand and have refused to arrange for the payment of the outstanding principal balance.

15. Plaintiffs are and remain the holders of the LOAN evidenced by the Promissory Note and are entitled to all rights as the payees and holders thereof, including the right to judicially foreclose upon the Property.

16. Since 2002, Defendants made interest (and principal) payments under the Promissory Note which Plaintiffs have accepted. That, along with the terms of the note identified above and herein regarding no waiver of the liability pursuant to the Note, any applicable statute of limitations should be tolled.

17. After discovering the wrongful acts of the Defendants, on numerous occasions Plaintiffs pleaded with Defendants orally and in writing to be reimbursed money owed to them. However, Plaintiffs' attempts at an amicable resolution of the matter have been ignored by Defendants.

18. As the result of the above factual allegations, Plaintiffs filed an action in Contra Costa Superior Court which was later removed to the U.S. District Court, Northern District of California Case Number: 3:14-CV-02593-MEJ.

19. During the litigation of Case Number 3:14-CV-02593-MEJ, Plaintiffs and Defendants participated in two (2) mediation sessions with Ray Wong, Esq., acting as mediator.

20. At the close of the second mediation session on October 22, 2015, the parties reached a settlement of Case Number 3:14-CV-02593-MEJ and entered into a written Settlement Agreement on that date. It was also agreed by the parties that a formal written Settlement Agreement would be prepared by Defendants and the Promissory Note and Deed of Trust would be prepared by counsel for Plaintiffs.

21. As a part of the Settlement Agreement, Defendants were to make the first monetary payment to Plaintiffs on or before January 31, 2016.

22. Although Plaintiffs signed and returned the formal Settlement Agreement to Defendants, Defendants have failed to execute the formal Settlement Agreement (which was

prepared by Defendants) and have failed to make any payments to Plaintiffs pursuant to the Settlement Agreement.

### FIRST CAUSE OF ACTION
### Breach of Contract
(Against all Defendants)

23. Plaintiffs incorporate all allegations of this Complaint and re-allege them as though they were fully set forth herein.

24. A valid and binding contract existed between Defendants and Plaintiffs based on Settlement Agreement signed by the parties on October 22, 2015.

25. The relevant terms of this Agreement are as follows:

a) Defendants would sign a Promissory Note in the amount of $153,682.69 at 4 ½ percent rate of interest to be made monthly beginning on January 31, 2016; and

b) The Promissory Note would be secured by a Deed of Trust on Defendants' real property commonly known as 309 Rutherford Drive, Danville, California (or another property to be designated in the formal written Settlement Agreement).

26. Plaintiffs have performed all the promises, covenants and conditions they agreed to perform in accordance with the terms of the Settlement Agreement, except for those promises, covenants and conditions excused by the acts or omissions of Defendants, and each of them.

27. Defendants have completely failed to abide by the terms of the Settlement Agreement, by, among other things, failing to execute the formal written Settlement Agreement or make the payments due under the terms of the Settlement Agreement entered into on October 22, 2015. Although Plaintiffs have continually demanded from the Defendants payment of the sums due and owing under the Settlement Agreement, Defendants have failed and refused, and continue to fail and refuse, to pay the sums owed or execute the formal written Settlement Agreement.

28. All conditions required for Defendants' performance have occurred. However, Defendants continued to refuse to pay the sums owed.

29. There now remains due, owing and payable to Plaintiffs from the Defendants, in accordance with the terms of the Promissory Note, the principal sum of not less than One Hundred Fifty Three Thousand Sixty Eight Dollars and Sixty Seven Cents ($153,068.67) as

agreed upon by the parties, plus costs to judicially foreclose the Promissory Note, according to proof at time of trial or entry of judgment.

30. As a result of Defendants' breaches of the Settlement Agreement, as alleged herein, Plaintiffs have suffered damages and have been required to retain the services of counsel, for the purpose of instituting and prosecuting this action. Attorneys' fees have been, and will continue to be, incurred in the amount to be proven at trial.

**WHEREFORE**, Plaintiffs pray for judgment as hereafter set forth.

## SECOND CAUSE OF ACTION
**Damages for Money Lent**
(Against all Defendants)

31. Plaintiffs incorporate all allegations of this Complaint and re-allege them as though they were fully set forth herein.

32. Plaintiffs are thereby entitled to judgment for the amount owed to them plus interest thereon in the amount specified herein against Defendants for money lent to them.

**WHEREFORE**, Plaintiffs pray for judgment as hereafter set forth.

## THIRD CAUSE OF ACTION
**Declaration of and Judicial Foreclosure of Equitable Mortgage**
(Against all Defendants)

33. Plaintiffs incorporate all allegations of this Complaint and re-allege them as though they were fully set forth herein.

34. On October 22, 2015, Plaintiffs and Defendants entered into a Settlement Agreement whereby Defendants would sign a Promissory Note for One Hundred Fifty Three Thousand Sixty Eight Dollars and Sixty Seven Cents ($153,068.67). This Promissory Note was to be secured by a Deed of Trust on Defendants' real property commonly known as 309 Rutherford Drive, Danville, California. The parties further agreed that, under the terms of the Promissory Note, Defendants would make monthly payments on the Promissory Note.

35. Defendants are in default under the Promissory Note and the Settlement Agreement because of, *inter alia*, their failure to pay to the Plaintiffs the amount due and owing on the Promissory Note and pursuant to the Settlement Agreement.

36. Plaintiffs are informed and believe, and based thereon allege, that there now exists, due, owing and payable to Plaintiffs the sum of not less than One Hundred Fifty Three Thousand Sixty Eight Dollars and Sixty Seven Cents ($153,068.67) as agreed upon by the parties, plus costs and any additional fees and penalties owed the Plaintiffs, said amount continuing to increase on monthly basis in an amount to be proved at trial.

37. Plaintiffs have performed all obligations to Defendants except those obligations Plaintiffs were prevented or excused from performing.

38. To date, Defendants have wholly failed, refused and neglected to pay the outstanding amounts owed to Plaintiffs.

39. Plaintiffs are entitled to a judgment determining and declaring the existence of an equitable mortgage concerning the subject Property securing all obligations owed to them pursuant to the Promissory Note and the Settlement Agreement.

40. Plaintiffs are entitled to judicial foreclosure of the foregoing equitable mortgage encumbering the subject Property securing all obligations owed to Plaintiffs pursuant to the Promissory Note and the Settlement Agreement.

41. As a direct and proximate consequence of the breach of the agreement by Defendants as herein alleged, and, in the course of exercising its right to judicial foreclosure of the foregoing equitable mortgage encumbering the subject Property, Plaintiffs have and will continue to incur costs associated with the exercise of their rights under the agreement, including, but not limited to legal costs and attorneys' fees, in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs pray for judgment as hereafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ANDREW LOCKHART and LESLEY LOCKHART pray for judgment against Defendants, and each of them, as follows:

**AS TO FIRST CAUSE OF ACTION** (Breach of Contract):

Plaintiffs pray for relief against all Defendants for:

1. For the sum of One Hundred Fifty Three Thousand Sixty Eight Dollars and Sixty

Seven Cents ($153,068.67), which sum includes principal, plus accrued and accruing interest and other charges according to proof at time of trial or entry of judgment.

 2. For costs of suit herein; and

 3. For such other and further relief as the Court may deem just and proper.

**AS TO SECOND CAUSE OF ACTION** (Damages for Money Lent):

Plaintiffs pray for relief against all Defendants for:

 4. For the sum of One Hundred Fifty Three Thousand Sixty Eight Dollars and Sixty Seven Cents ($153,068.67), which sum includes the principal, plus accrued and accruing interest and other charges according to proof at time of trial or entry of judgment;

 5. For costs of suit herein; and

 6. For such other and further relief as the Court may deem just and proper.

**AS TO THIRD CAUSE OF ACTION** (Declaration of and judicial foreclosure of equitable mortgage):

Plaintiffs pray for relief against all Defendants for:

 7. Judgment determining and declaring the existence of an equitable mortgage encumbering the property referenced in this Complaint securing all obligations owed to Plaintiffs pursuant to the Promissory Note and the loan agreement alleged herein.

 8. For such other and further relief as the Court may deem just and proper.

**AS TO ALL CAUSES OF ACTION:**

Judgment against all Defendants as follows:

 15. For actual damages according to proof;

 16. For costs of suit incurred herein; and

 17. For such other and further relief as the Court may deem just and proper.

///

8
COMPLAINT

| | |
|---|---|
| DATED: March 28, 2016 | Respectfully submitted, |
| | LOUIS \| WHITE |
| | */s/ Michael D. Maloney* |
| | JAMIL L. WHITE |
| | MICHAEL D. MALONEY |
| | Attorney for Plaintiffs |
| | ANDREW LOCKHART and |
| | LESLEY LOCKHART |

COMPLAINT